FILED

UNITED STATES DISTRICT COURT

JUN 0 3 2005

DISTRICT OF SOUTH DAKOTA


CLERK

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| AMUNDSON ENTERPRISES, INC. | * | CIV 03-1011 |
| Plaintiff, | * | |
| -vs- | * | ORDER AND OPINION |
| MEDICINE SHOPPE INTERNATIONAL, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant ("Medicine Shoppe") has filed a motion (Doc. 11) to join Steven Zirbel and Monica Zirbel ("Zirbels") as parties plaintiff. Monica Zirbel was and perhaps is the president of the plaintiff, Amundson Enterprises, Inc. ("Amundson"). Zirbels guaranteed in writing the obligations of Amundson to Medicine Shoppe under a license agreement between Amundson and Medicine Shoppe dated December 5, 1994. The Zirbels actually agreed to more than what would normally be found in a guaranty agreement. SDCL 56-1-1 defines a "guaranty" as "a promise to answer for the debt, default, or miscarriage of another person." Zirbels agreed to directly assume all obligations of Amundson and to be jointly and severally liable with Amundson. As provided by SDCL 56-1-15, the guaranty is unconditional since there are no contractual terms to import some condition precedent to the liability of the guarantors. As required by SDCL 56-1-16, Zirbels are liable to Medicine Shoppe immediately upon the default of Amundson without demand or notice. Zirbels gave a continuing guaranty as defined by SDCL 56-1-20.

The license agreement required the arbitration of any disputes and the matter has gone to arbitration as previously ordered by this court. The arbitrator has issued an award (exhibit one to Doc. 12) which awards Medicine Shoppe $216,696.67 without stating who is liable for the award. No mention is made of any joint and several liability as to such amount. Medicine Shoppe was awarded attorney fees of $146,228.00, again without any mention of joint or several liability of any kind. Instead of dangling participles, these could be classified as dangling awards. The award does recite that Medicine Shoppe had made a claim against Amundson and

Zirbels and that Amundson and Zirbels had filed a counterclaim. The counterclaim was denied. The award does find that Amundson and Zirbels are jointly and severally obligated to pay license fees from and after "November of 2004 forward" to Medicine Shoppe. Do these license fees have some connection to the award of $216,696.67? Why would a date of November of 2004 be used when the award was entered in February of 2005? The award does provide that Amundson and Zirbels are jointly and severally liable for the fees and expenses of the American Arbitration Association ($8,000.00) and the compensation and expenses of the arbitrator ($10,601.48) as well as an advance paid by Medicine Shoppe ($3,058.98) to the Association. The award is not a model of clarity.

    Zirbels also agreed in writing in connection with the license agreement that Medicine Shoppe would not be required to first proceed against Amundson in any manner. Zirbels now argue to the court that, despite their agreement to the contrary and despite the South Dakota statutes, Medicine Shoppe should be required to first pursue Amundson and, only if collection efforts were not successful, to then pursue Zirbels. The court rejects this argument. There is no requirement on the part of Medicine Shoppe to show that Amundson is insolvent or that the award could not be collected from Amundson.

    Zirbels argue that Medicine Shoppe must prove that Fed.R.Civ.P. 19(a)(1) requires the joinder of Zirbels as involuntary plaintiffs. This rule mandates a joinder if the conditions of the rule are met and the joinder is feasible. There is no contention here that the joinder is not feasible and the court finds that joinder is feasible. I find that the conditions are met. Zirbels are jointly and severally liable to Medicine Shoppe. They are just as liable or not liable as Amundson. If Zerbels are not joined, complete relief cannot be accorded among those already parties. Medicine Shoppe should be allowed to proceed against all parties possibly liable and not be restricted to proceeding only against one possibly liable party. I reject the argument of Zirbels that Medicine Shoppe should be required to bring another law suit to attempt to establish the liability of Zirbels. Principles of judicial economy should prohibit that. In addition, Zirbels have already participated in the arbitration proceeding at a time when Zirbels were not parties to this law suit. Zirbels asserted claims against Medicine Shoppe in the arbitration proceeding and lost. They are "joined at the hip" with Amundson.

    Even apart from the mandatory joinder provisions of Fed.R.Civ.P. 19(a), I find that joinder is appropriate under Fed.R.Civ.P. 21: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." I find that it is "just" to add Zirbels as plaintiffs.

    Now, therefore,

IT IS ORDERED, as follows:

1) The motion of Medicine Shoppe (Doc. 11) is granted.

2) Monica Zirbel and Steven Zirbel are joined as plaintiffs and the captions hereafter shall so reflect.

3) Zirbels are deemed to join in the pending motion (Doc. 17) of Amundson to vacate the arbitration award without the necessity of filing any additional documents to so state.

Dated this 3rd of June, 2005.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                    DEPUTY
(SEAL)