FILED

AUG 0 3 2005

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| AMUNDSON ENTERPRISES, INC., STEVE ZIRBEL and MONICA ZIRBEL, | CIV 03-1011 |
| Plaintiffs, | |
| -vs- | ORDER AND OPINION |
| MEDICINE SHOPPE INTERNATIONAL, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs have filed a motion (Doc. 34) pursuant to SDCL 10-1-28.5, asking the court to order the South Dakota Department of Revenue to produce records as to all sales tax payments (as they relate to the pending case) made by the defendant, by the St. Louis law firm representing defendant in this action, by Kevin Barry, and by Cardinal Health, Inc. Plaintiffs seek the records to support their claims that the St. Louis attorneys for defendant were practicing law in South Dakota, in connection with this case and the arbitration proceedings that were conducted in Sioux Falls, without reporting and paying sales taxes as to all legal services performed in South Dakota. The theory of plaintiffs is that such claimed conduct would be contrary to public policies in South Dakota and that the "penalty" should be the vacation of the arbitration award.

Defendant filed a response (Doc. 36) with a number of attachments. Plaintiffs filed a reply brief (Doc. 37).

The first claim of defendant is that plaintiffs violated D.S.D.LR 37.1 by seeking the court order without having even discussed the matter with defendant (or more correctly defendant's attorneys) or requesting the voluntary production of the proof of payment of sales taxes. The

better practice, to be sure, would have been to first request the records. If the request were granted, a court order would not be required. The material sought, however, may not fit exactly within the language of D.S.D.LR 37.1. The court would choose to not rule in a dispute based upon a technical violation of a local rule unless it is eminently clear that the rule was violated and detriment was caused to the other party. The motion should not be denied on the basis of the claimed violation.

As to Kevin Barry, it is undisputed that he is in-house counsel for Cardinal Health, Inc., the owner of the defendant. A full time attorney need not report or pay sales tax on legal services rendered to the employer. SDCL 10-45-20.1 would also exempt the Barry services from tax. The motion has no merit as to Mr. Barry. One could well question how a claim for legal fees could be made in the arbitration proceeding for services performed by Mr. Barry who, it is assumed, was not charging anyone for his services. That, however, is for the arbitrator to "sort out", at least at this point.

It is obvious that a non resident attorney is only liable for sales tax when performing services in South Dakota. The declaration of Stephen Rovak on behalf of defendant sets forth that the law firm has paid $1,633.95 in sales tax for work performed in South Dakota. The rate was 6% and this would mean that legal fees of more than $27,000.00 were charged for South Dakota services. I am satisfied that I have sufficient information to show that all sales taxes due have been paid. The taxes may well have been paid late. I agree with the claim of plaintiffs that in almost all cases the taxes must be remitted monthly. The Department of Revenue will take care of that situation, if it exists, and levy a penalty and interest. I also want to note that I may have caused some confusion in my earlier communications with counsel. There is, of course, no requirement that the merchant, in this case the law firm, charge or collect the sales tax. The merchant is free to not charge the customer or client and simply pay the tax. For example, a sale of merchandise could well include the applicable tax in a lump sum. Finally, South Dakota is one of a few states levying sales taxes on legal fees. It is sometimes not easy for non-resident attorneys to understand the requirements. The St. Louis law firm may have been "jolted into action" by the questions raised by plaintiffs and the court. That question need not be answered as the answer would have no relevance, as will appear.

The court's review of an arbitration award under the Federal Arbitration Act is

exceedingly limited and deferential. 10 U.S.C. §10(a) specifies only four statutory grounds for vacating an award. The claim of plaintiffs as to the claimed unlawful practice of law does not come within the statutory provisions.

There is another necessary inquiry. In the Eighth Circuit, an award may be vacated if it "evidences manifest disregard for law." Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998). This doctrine, however, is said to be "extremely narrow." Hoffman v. Cargill, Inc., 236 F.3d 458, 461 (8th Cir. 2001). I can locate only one reported decision in the Eighth Circuit where the court acted pursuant to this doctrine. If the arbitrator "cites relevant law, then proceeds to ignore it, it is said to evidence a manifest disregard for the law." Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1069 (8th Cir. 2003). Plaintiffs here would have the "burden of proving that arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." Stark v. Sandberg, Phoenix & Van Gontard, 381 F.3d 793, 802 (8th Cir. 2004).

Plaintiffs cannot meet this burden here. Plaintiffs made the decision to not bring before the arbitrator any claim that defendant's attorneys were practicing law illegally in South Dakota. They urged no legal principle even remotely dealing with such question.

It would be a waste of time to order the production of the sales tax records in question. They would have no relevance in the question before the court. The motion should be denied.

Now, therefore,

IT IS ORDERED that the motion for order pursuant to SDCL 10-1-28.5 (Doc. 34) should be and is denied.

Dated this 3rd day of August, 2005.

BY THE COURT:

_Charles B. Kornmann_
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Barbara Vaupke_
(seal)   DEPUTY