FILED
OCT 1 2 2005

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| AMUNDSON ENTERPRISES, INC., MONICA ZIRBEL, and STEVEN ZIRBEL, | * * * * | CIV 03-1011 |
| Plaintiffs, | * * |  |
| vs- | * * | OPINION AND ORDER CONFIRMING ARBITRATION AWARD |
| MEDICINE SHOPPE INTERNATIONAL, INC., | * * * |  |
| Defendant. | * * |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a motion (Doc. 40) to confirm the arbitration award rendered March 2, 2005, against plaintiffs. As this Court previously set forth in the order denying plaintiffs' request to compel production, the court's review of an arbitration award under the Federal Arbitration Act is exceedingly limited and deferential. 9 U.S.C. §10(a) specifies only four statutory grounds for vacating an award (including corruption, fraud, or undue means in the procurement of the award, or evident partiality or corruption, misconduct, or ultra vires acts by the arbitrators). In addition, the United States Court of Appeals for the Eighth Circuit "has recognized two 'extremely narrow' judicially created standards for vacating an arbitration award." Schoch v. InfoUSA, Inc., 341 F.3d 785, 788 (8th Cir.2003).

> First, an arbitrator's award can be vacated if it is "completely irrational," meaning "it fails to draw its essence from the agreement." *Boise Cascade*, 309 F.3d at 1080. "An arbitrator's award draws its essence from the [parties' agreement] as long as it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." *Id.* (quoting *Johnson Controls, Inc., Sys. & Servs. Div. v. United Ass'n of Journeymen*, 39 F.3d 821, 825 (7th Cir.1994)). The second judicially created standard for vacating an arbitration award is when the award "evidence[s] a manifest disregard for the law." *Id.* (citation omitted). An arbitrator's award "manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." *Id.* (citation omitted).

Schoch v. InfoUSA, Inc., 341 F.3d at 788.

Plaintiffs argue that the arbitrator's award should not be confirmed based solely on the claimed unlawful practice of law by defendant's out of state counsel. I previously held that such claim does not come within the statutory provisions or the judicially created standards for refusing to confirm the arbitrator's award. The record is also insufficient to prove or even suggest such claimed unlawful practices.

Now, therefore,

IT IS ORDERED:

1. The defendant's motion (Doc. 40) to confirm the arbitration award is granted.

2. Judgment on the arbitrator's award shall be entered against the plaintiffs jointly and severally in the amount of $216,696.67, together with attorney's fees and arbitration costs in the amount of $149,286.98.

3. Consistent with the arbitrator's award, plaintiffs shall continue to pay to defendant license fees due and owing from November 2004 throughout the remaining term of the license agreements.

Dated this 12th day of October, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY Barbara J. Raepke
DEPUTY
(SEAL)